

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**DARIUS DEMARCO PRAYER,**

        Petitioner,

v.                                CRIMINAL ACTION NO. 2:11-cr-58 (7)

**UNITED STATES OF AMERICA,**

        Respondent.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Darius Demarco Prayer's ("Petitioner") *pro se* Motion to Vacate, Set Aside or Correct a Sentence, pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). ECF No. 630. Having reviewed the motions and filings, the Court finds that a hearing is not necessary to address Petitioner's motion. *See* 28 U.S.C. § 2255(b). For the reasons set forth below, Petitioner's § 2255 Motion is **DENIED**.

**I. FACTUAL AND PROCEDURAL HISTORY**

On April 8, 2011, Petitioner was one of several defendants named in a 58-count indictment charging defendants with racketeering and firearm related offenses. ECF No. 3. On September 14, 2011, Petitioner pleaded guilty to Count 1, Racketeer Influenced and Corrupt Organizations (R.I.C.O.), in violation of 18 U.S.C. § 1961(c); and Count 25, Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A) and 2. ECF Nos. 279–281. Count 25 incorporated Count 24 as the underlying crime of violence, which charged Petitioner with Assault with Dangerous Weapon in Aid of Racketeering Activity a violation of 18 U.S.C. § 1959(a)(3) and 2 along with violations of Va. Code Ann. §§ 18.2-53.1 and 18.2-282. ECF

No. 3. On January 6, 2012, this Court sentenced Petitioner to 156 months imprisonment. ECF No. 421.

On June 24, 2019 the United States Supreme Court announced a new rule of constitutional law in *United States v. Davis*, holding the residual clause defining "crime of violence" in 18 U.S.C. § 924(c)(3)(B) to be unconstitutionally vague. 139 S.Ct. 2319 (2019). On May 18, 2020, Darius Demarco Prayer ("Petitioner") filed a *pro se* letter motion requesting the appointment of counsel to represent Petitioner in seeking relief pursuant to 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence. ECF No. 630. The Court denied Petitioner's request for counsel and construed Petitioner's *pro se* letter as a properly filed motion seeking relief pursuant to 28 U.S.C. § 2255(f)(3). ECF No. 630.

On May 20, 2020, the Court ordered the Government to respond. ECF 631. The Government filed its response in opposition to Petitioner's Motion on July 28, 2020. ECF No. 643. Petitioner filed a reply on September 14, 2020. ECF No. 651.

## II. LEGAL STANDARDS

### A. Section 2255

Section 2255 allows a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. *Pro se* filers are entitled to more liberal construction of their pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, if it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion. 28 U.S.C. § 2255(b); *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013).

### B. Crimes of Violence under 18 U.S.C. 924(c)

At issue here is Petitioner's conviction under § 924(c)(1)(a) and 2 for Possession of a Firearm in Furtherance of a Violent Crime. Petitioner's conviction under § 924(c)(1)(a) and 2 is only valid if it is predicated on a "crime of violence." The controlling federal statute defines "crime of violence" in two alternative ways: (A) through the § 924(c)(3)(A) "force clause," requiring that the predicate offense categorically includes the "use, attempted use, or threatened use of physical force against the person or property of another" as an element of the offense; or (B) through the § 924(c)(3)(B) "residual clause," requiring that the predicate offense "by its nature, involves a substantial risk that physical force" may be used during the offense. 18 U.S.C. § 924(c)(3). Pursuant to the recent decision in *Davis*, concluding that the § 924(c)(3)(B) residual clause is unconstitutionally vague, Petitioner's § 2255 motion can only succeed if he demonstrates that the predicate crime underlying his § 924(c)(1)(a) and 2 conviction is not a "crime of violence" under the § 924(c)(3)(A) force clause.

To answer this question, courts employ the categorical approach that asks whether the statutory elements of the predicate crime require the "use, attempted use, or threatened use of physical force." *United States v. Mathis*, 932 F.3d 242, 263-64 (4th Cir. 2019). Courts will "consider only the crime as defined, not the particular facts in the case." *United States v. Simms*, 914 F.3d 229, 233 (4th Cir.), cert. denied, 140 S. Ct. 304 (2019). When a criminal statute can be violated in alternate ways, courts employ a modified categorical approach, in which they may examine a limited class of documents, including indictments and jury instructions, to determine which part of the statute the defendant violated. *Descamps v. United States*, 570 U.S. 254, 257 (2013).

3

## III. DISCUSSION

In his § 2255 Motion, Petitioner moves the court to vacate his sentence under Count 25 because his conviction of Assault with a Dangerous Weapon in Aid of Racketeering Activity in violation of 18 U.S.C. § 1959(a)(3) does not qualify as a crime of violence under 18 U.S.C. § 924(c)(3) after the United States Supreme Court's ruling in *Davis*. In *Davis*, the Court held the residual clause of 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague. 139 S.Ct. at 2336. Therefore, Petitioner's § 2255 motion can only succeed if he demonstrates that the predicate crime underlying his § 924(c)(1)(A) and 2 conviction is not a crime of violence under the § 924(c)(3)(A) force clause.

Petitioner's conviction of violating § 924(c), under Count 25, was predicated on the offense laid out in Count 24: Assault with Dangerous Weapon in Aid of Racketeering Activity in violation of 18 U.S.C. § 1959(a)(3) and 2, along with violations of Va. Code Ann. §§ 18.2-53.1 and 18.2-282.

Because 18 U.S.C. § 1959(a)(3) can be violated in multiple ways[1], the Court uses the modified categorical approach and examines the Petitioner's indictment on Count 24, which makes it clear his violation was assault with a dangerous weapon. ECF No. 3. Because 18 U.S.C. § 1959 does not define "assault," the Court will "look to the elements of the predicate offense as it is generically defined." *Davis v. United States*, 430 F. Supp. 3d 141, 145 (E.D. Va. 2019). The generic offense of assault with a dangerous weapon under 18 U.S.C. § 1959(a)(3) has as an element the use, attempted use or threatened use of physical force:

> A common law assault with a dangerous weapon, therefore, requires a physical act, utilizing a dangerous weapon, that signifies to the victim that the aggressor has the present ability to cause the threatened harm with the weapon, and that the weapon

---

[1] Either by committing "assault with a dangerous weapon *or* assault resulting in serious bodily injury." 18 U.S.C. § 1959(a)(3) (emphasis added).

4

may be put to harmful use immediately. . . . force is clearly used or threatened against the victim.

*Cousins v. United States*, 198 F. Supp. 3d 621, 626 (E.D. Va. 2016) (citing *United States v. Barbeito*, No. 2:09–cr–00222, 2010 WL 2243878, at *24 (S.D.W.Va. June 3, 2010)).

Because assault with a dangerous weapon necessarily contemplates the use or threatened use of physical force, courts in the Fourth Circuit have routinely held it satisfies the requirements of a crime of violence under § 924(c)(3)(A). *See Davis*, 430 F. Supp. 3d at 145-146 ("By combining both the common law assault and the use of a dangerous weapon, § 1959(a)(3) . . . categorically qualif[ies] as a crime of violence pursuant to the § 924(c)(3)(A) force clause"); *See also, Ellis v. United States*, No. 4:08CR144, 2020 WL 1844792, at *2 (E.D. Va. Apr. 10, 2020); *Tweedy v. United States*, No. 1:13-CR-350-13, 2020 WL 3513699, at *4 (E.D. Va. June 29, 2020); *Simons v. United States*, No. 1:14-CR-122-1, 2020 WL 3549179, at *7 (E.D. Va. June 30, 2020); *Martino v. United States*, No. 1:13-CR-350-2, 2020 WL 3579548, at *4 (E.D. Va. July 1, 2020); *Jordan v. United States*, No. 1:13-CR-350-17, 2020 WL 3579549, at *5 (E.D. Va. July 1, 2020).

Because the enumerated offense of assault with a dangerous weapon under § 1959(a)(3) categorically qualifies as a crime of violence under § 924(c)(3)(A), it is a valid predicate crime for Petitioner's conviction under § 924(c)(1)(A) and 2. Therefore, Petitioner's contention relating to his conviction on Count 25 is without merit.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that it is clear from the pleadings and filings that Petitioner is not entitled to relief. Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to 28 U.S.C. § 2255, is **DENIED**.

This Court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c); Fed. R. App. P.

22(b)(1). This means that Petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)); *see United States v. Swaby*, 855 F.3d 233, 239 (4th Cir. 2017). Petitioner's claims are based on incorrect interpretations of statutory provisions and judicial precedent. As such, Petitioner fails to demonstrate a substantial showing of a denial of a constitutional right, and a Certificate of Appealability is **DENIED**.

In addition, the Court **ADVISES** Petitioner that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date. The Court **DIRECTS** the Clerk to provide a copy of this Order to all Parties.

**IT IS SO ORDERED.**

Raymond A. Jackson
United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

September 28, 2020

6